STATE OF NEBRASKA, APPELLEE, V. GERMAN SAVINGS BANK, APPELLANT.

FILED DECEMBER 18, 1900.   No. 11,627.

1. **Judicial Sale**: CONFIRMATION: BRIEFS: ASSIGNMENT: WAIVER. Objections to the confirmation of a judicial sale, not argued in the briefs, are waived.

2. **Motive of Party to Suit**: LEGAL RIGHTS: INQUIRY. The motive which induces a party to defend a suit brought against him will not be inquired into, but rather his legal rights in the premises.

3. **Error**: REVERSAL. To obtain a reversal of an order of the trial court, prejudicial error must be shown.

APPEAL from the district court for Douglas county. Heard below before FAWCETT, J.   *Affirmed in part.*

*Joel W. West,* for appellant.

*Ralph W. Breckenridge, contra.*

NORVAL, C. J.

This is an appeal by the German Savings Bank from an order of the district court for Douglas county confirming a sale of real estate of the bank sold by its receiver, pursuant to the direction of the court.   Upon the report being filed, citation was issued to show cause by a certain date why such sale should not be confirmed, which was directed to be served upon said bank, and it was accordingly served upon Mr. West, as attorney for said bank. Upon the day fixed for hearing, said bank appeared by its said counsel and filed objections to such confirmation, supporting the same by affidavits and other evidence.   A counter-showing was made by the receiver, conflicting with the evidence offered by the bank, through its attorney.   On these proofs the court, on the 24th day of February, 1900, announced and entered of record its ruling that no sufficient cause had been shown why said report should not be approved and the sale confirmed; whereupon the bank, through its attorney, took an exception, and asked for an order of the court fixing the amount of a supersedeas bond. and the court continued the further hearing of the matter until March 8, 1900.   After this continuance the receiver and certain creditors of the bank presented motions to strike from the files and records of the cause the objections to the confirmation of said sale, as well as the affidavits in support thereof, filed by its purported attorney, and they, as well as the receiver, objected to the court fixing a supersedeas.   On the question of Mr. West's authority to appear for the bank a considerable amount of testimony was taken, from which it was found that said West was not authorized to appear

for the bank, but was in fact acting for certain stockholders in the bank, whose purpose in contesting the sale was to delay the final settlement of the bank's affairs and thus prevent action against the stockholders on their statutory liability. The court sustained said motions to strike, and refused a supersedeas to said bank, and thereupon the court, without vacating its findings as to the regularity of the sale, entered the order of confirmation, from which this appeal is prosecuted. Afterwards, said bank began mandamus proceedings in this court, to compel the lower court to fix the amount of the supersedeas bond, and, on the hearing, said writ was issued as prayed (*State v. Fawcett*, 60 Nebr., 393), and the present case now comes to this court on appeal from the order confirming said sale. In the brief filed by counsel for the bank, the objections made as to the regularity of the sale are not argued; hence all such objections are waived. *Gill v. Lydick*, 40 Nebr., 508; *Glaze v. Parcel*, 40 Nebr., 732; *Madsen v. State*, 44 Nebr., 631.

The only complaint urged by counsel in his brief is the order of the court sustaining the motion to strike from the files his objections to the sale, and the evidence filed in support thereof. It is insisted that the ruling assailed was, in effect, a denial of its right to appear and defend. The court below doubtless erred in sustaining this motion, for the evidence offered in its support went as much to the motives of the bank in continuing this litigation, which has been tedious and exacting almost beyond the limits of patience, as to its right to do so; and of course its motive, or that of those who perhaps have encouraged it in this course, is not to be inquired into, provided it has the right, to resist every step in the cause, and doubtless that right is accorded it under the law. Moreover, the citation was served upon Mr. West, as attorney for the bank, which was a recognition of his authority to appear and represent it in resisting the sale. *State v. Fawcett, supra.*

That part of the order of the court whereby the motion

to strike said objections and the evidence offered to support them was sustained is, therefore, reversed, but as, before this motion to strike was heard and sustained, the appellant had a hearing, from which the court found that said objections had not been sustained, and all the evidence produced by the parties on that question is before us, we do not deem it necessary to remand the case for a new hearing in regard to such objections, as from an examination of the record and evidence we are satisfied that the lower court was right in overruling said objections, and in entering its order confirming said sale, and its order in that respect is

AFFIRMED.